12/28/2018 11:39 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-007697
Ruben Tamez

CAUSE NO. D-1-GN-18-007697

| | | |
|---|---|---|
| NETASHA SHAW, <br> PLAINTIFF <br><br> v. <br><br> REVOLUTION FOODS, INC. <br> DEFENDANT. | § § § § § § § § § § | IN THE DISTRICT COURT OF <br><br><br> TRAVIS COUNTY, TEXAS <br><br> 250TH _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION

**COMES NOW, NETASHA SHAW**, Plaintiff herein, complaining of **REVOLUTION FOODS, INC.**, Defendant, and would respectfully show the Court as follows:

### DISCOVERY LEVEL

Plaintiff intends to conduct discovery pursuant to Level 3 of Texas Rule of Civil Procedure 190.4 and seeks damages over $200,000.00 but less than $1,000,000.00.

### PARTIES

Plaintiff is an individual residing in Texas.

Defendant(s) REVOLUTION FOODS, INC., is a foreign for-profit corporation doing business in Texas and may be served with process upon its registered agent: Incorporating Services, Ltd., 3610-2 North Josey, Suite 223, Carrollton, Texas 75007; **by Certified Mail by the Clerk of this Court which is hereby requested**.

### JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this Petition because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

This Court has personal jurisdiction over Defendant, and venue for this case is mandatory in Travis County, Texas, because all or a substantial part of the events or omissions giving rise to this suit occurred in Travis County.

### BACKGROUND

On or about March 1, 2017 Plaintiff was employed at Magnolia Montessori for All located at 5100 Pecan Brook Drive, Austin, Travis County, Texas. On this date, Plaintiff was injured while removing crates of food from a refrigerator on the premises. Said crates had been negligently and unsafely stacked by an agent or employee of REVOLUTION FOODS, INC. who had delivered the crates to the premises and stacked them in the refrigerator. As a direct and proximate result of REVOLUTION FOODS, INC.'s negligence, Plaintiff was seriously injured.

### LIABILITY

At all times relevant, the agent or employee of REVOLUTION FOODS, INC. was acting in the course and scope of his employment or agency with REVOLUTION FOODS, INC.

This incident occurred due to no fault of Plaintiff. The incident was caused by the negligence of REVOLUTION FOODS, INC., by and through its agent or employee.

At all times pertinent herein, Defendant, REVOLUTION FOODS, INC.'s, its agents, servants, and/or employees who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in one or more of the following ways:

    A.    Stacking the crates in an unsafe way;

    B.    Failing to give adequate and understandable warnings to Plaintiff the dangerous condition posed by the crates;

    C.    Failing to heed the warnings of employees of Magnolia Montessory for All

to not stack the crates in such a way as to create the danger that injured Plaintiff;

D. Failing to properly train its employees and/or agents to safely stack the crates.

### DEFENDANT'S LIABILITY VIA RESPONDEAT SUPERIOR

At the time of the incident in question and prior thereto, Defendant's employees were acting within the course and scope of their employment or agency for Defendants. At the time of the incident in question and prior thereto, Defendants employees were engaged in the furtherance of Defendant's business. At the time of the incident in question and prior thereto, Defendant's employees were engaged in accomplishing a task for which the Defendant's employees were employed. Plaintiff invokes the doctrine of Respondeat Superior or agency against all Defendants.

Defendant's acts and/or omissions and breaches of the foregoing duties was the proximate cause of Plaintiff's damages.

### DAMAGES

Plaintiff seeks damages for Defendant's negligence. Plaintiff specifically pleads the following damages:

a. Medical expenses in the past and future;

b. Physical impairment in the past and future;

c. Physical pain and suffering in the past and future;

d. Mental anguish in the past and future;

e. Lost wages/wage earing capacity in the past and future; and

f. Disfigurement in the past and future.

## JURY DEMAND

Plaintiff demands a jury trial and previously tendered the appropriate fee.

## REQUEST FOR DISCLOSURE

Plaintiff requests that Defendant disclose, within 50 days of the service of this Petition, the information or material described in Rule 194.2.

## FIRST SET OF INTERROGATORIES

Defendant is hereby requested to answer separately, fully, in writing, and under oath, the Interrogatories attached hereto and marked as "**Exhibit A**," Pursuant to Rule 197 of the Texas Rules of Civil Procedure, within fifty (50) days of service of this Petition and incorporated request.

## FIRST REQUESTS FOR PRODUCTION

Defendant is hereby requested to produce the documents or tangible items attached hereto as "**Exhibit B**," to the undersigned counsel for Plaintiff, Pursuant to Rule 196 of the Texas Rules of Civil Procedure, within fifty (50) days of service of this Petition and incorporated request.

## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED IN DISCOVERY

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice to all parties herein that any and all documents produced during discovery may be used by Plaintiff against Defendant and/or any other party at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.

## PRAYER

Plaintiff, **NETASHA SHAW**, asks that the Court award a judgment against Defendant, for damages, pre-judgment and post-judgment interest, court costs, litigation expenses, and all other relief to which Plaintiff is entitled.

Respectfully submitted:

**LAW OFFICES OF RICHARD PEÑA, P.C.**
2211 South IH-35, Suite 300
Austin, Texas 78741
Tel: (512) 327-6884
Fax: (512) 327-8354
E-mail: matthew@rpenalaw.com

By: _____
Matt Mahoney
SBN: 24074638
ATTORNEYS FOR PLAINTIFF

## "EXHIBIT A"

### PLAINTIFF'S FIRST INTERROGATORIES

Pursuant to Texas Rule of Civil Procedure 197, you are requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

### Definitions and Instructions

Pursuant to the provisions of Tex. R. Civ. P. 190.2, Plaintiff hereby serves upon Defendant this First Set of Interrogatories, and requests that Defendant answer and produce same. Pursuant to Rule 190 and 193, you are requested to: 1) number each item which will be produced pursuant to these written interrogatories with a separate and distinct number or similar identifying designation; and 2) serve your written responses to these interrogatories stating, with regard to each numbered request, the identification or exhibit numbers of the specific items being answered or produced in response to each such interrogatory.